IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01320-BNB

ANTHONY VAUGHN,

    Applicant,

v.

STATE OF COLORADO,
GARY ESTEP, Warden, Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2007

GREGORY C. LANGHAM
            CLERK

## ORDER OF DISMISSAL

Applicant Anthony Vaughn is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Vaughn initiated this action challenging the validity of his state court criminal conviction by filing *pro se* a document titled "Writ of Error Coram Nobis (Ex Parte)," a "Motion to Vacate Void Judgement [sic] (Ex Parte)," and a "Memorandum of Law in Support of Motion to Vacate Void Judgment." On July 13, 2007, in response to an order directing Mr. Vaughn to cure the deficiencies in this action, he filed on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 17, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Vaughn to show cause why the habeas corpus application should not be denied for failure to exhaust state court remedies. On August 20, 2007, Mr. Vaughn filed his response to the show cause order.

The Court must construe the habeas corpus application and the response to the show cause order liberally because Mr. Vaughn is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Vaughn alleges that he was convicted in Denver District Court case number 01CR3059 on August 16, 2002, and that he is serving a sentence of thirty-two years to life in prison. The judgment of conviction was affirmed and on November 28, 2005, the Colorado Supreme Court denied Mr. Vaughn's petition for writ of certiorari on direct appeal. Mr. Vaughn asserts that he filed a postconviction motion in the Denver District Court on January 20, 2006, that was denied on February 3, 2006. He further asserts that he did not appeal from the February 2006 denial of his postconviction motion. Mr. Vaughn also has submitted a copy of an April 5, 2007, order of the Denver District Court denying his motion to vacate the judgment of conviction. He does not allege whether he appealed from the April 2007 denial of his motion to vacate the judgment of conviction.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claims have been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Vaughn alleges that the claims he is asserting in this action were raised in state court in the motion to vacate the judgment of conviction that was denied by the Denver District Court in April 2007. As noted above, Mr. Vaughn does not allege whether he appealed from the denial of that motion. He does not affirmatively allege that he has fairly presented his claims to the Colorado Supreme Court in any manner. Mr. Vaughn does not even address the exhaustion issue in his response to Magistrate Judge Boland's show cause order. Therefore, Mr. Vaughn has failed to satisfy his burden of demonstrating that he has fairly presented his claims to the state's highest court or that no adequate or effective remedy is available to him. As a result, the instant action will be dismissed for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 9 day of Oct., 2007.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01320-BNB

Anthony Vaughn
Prisoner No. 116051
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on 10/9/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk